IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

SEP -2 2015

CLERK
SO. DIST. OF GA

JOE PERRY GARRETT, )
)
Petitioner, )
)
v. ) CASE NOS. CV412-237
) CR499-133
UNITED STATES OF AMERICA, )
)
Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which objections have been filed (Doc. 20).[1] After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case with the following amendment. As a result, Petitioner's 28 U.S.C. § 2255 Petition is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner argues that he was diligent in attempting to vacate his prior state court conviction because he hired a habeas attorney within eight

---

[1] Petitioner's Motion for Leave to Supplement (Doc. 10) and Motion to Supplement (Doc. 11) are **GRANTED**, while Petitioner's Motion to Take Judicial Notice (Doc. 12) is **DISMISSED AS MOOT**. The Court has considered all these filing when reviewing the Magistrate Judge's Report and Recommendation.

months of this Court entering judgment in his federal criminal case. (Doc. 9 at 4-6.) Additionally, Petitioner maintains that he prompted habeas counsel to file a petition on his behalf prior to the expiration of the federal limitations period. (Id.) Finally, Petitioner contends that the conditions of his confinement in federal prison contributed to the 838 days it took him to ultimately file his state petition. (Id. at 3.)

However, the Court agrees with the Magistrate Judge that Petitioner failed to exercise reasonable diligence. Even assuming the truth of Petitioner's allegations, his exercise of diligence is not reasonable in light of the 838 days it took for him to file his state habeas petition. The Court understands that Petitioner was not required to show "maximum feasible diligence," see Holland v. Florida, 560 U.S. 631, 653 (2010) (quoting Starns v. Andrews, 524 F.3d 612, 618 (5th Cir. 2008)), but the exercise of reasonable diligence in this case would have resulted in Petitioner filing his state habeas petition in less than 838 days.

Petitioner also contends that the vacatur of two predicate offenses used to enhance his sentence to life imprisonment renders him actually innocent of that sentence. (Doc. 9 at 7-10.) Petitioner reasons that this innocence excuses his failure to exercise diligence in

seeking vacatur of the predicate offenses. (Id.) In his supplemental briefing, Petitioner cites dicta from the Eleventh Circuit Court of Appeal's decision in Spencer v. United States, 773 F.3d 1132 (2014) (en banc), for the proposition that the vacatur of prior convictions used to enhance a sentence results in a fundamental miscarriage of justice to which time limitations are inapplicable. (Doc. 11 at 3-4.)

In Spencer, the Eleventh Circuit reiterated that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." 773 F.3d at 1139. However, the Eleventh Circuit's ruling in Spencer does not absolve a petitioner from the exercise of diligence in seeking vacatur of his prior convictions. The petitioner's diligence in seeking vacatur was simply not an issue in Spencer. Johnson v. United States, 544 U.S. 295 (2005), and Stewart v. United States, 646 F.3d 856 (11th Cir. 2011)—both cases relied on in Spencer—establish that a petitioner may be entitled to bring an otherwise barred habeas petition based on the vacatur of prior state court convictions used to enhance a federal sentence only if the

petitioner exercised diligence in seeking the vacatur.[2] Unfortunately for Petitioner in this case, Spencer did nothing to remove this requirement. As a result, Petitioner is not entitled to habeas relief on this ground because he failed to exercise the requisite diligence in vacating his state court convictions.

SO ORDERED this 2nd day of September 2015.

/s/ William T. Moore, Jr.
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Intuitively, of course, this makes perfect sense. There would be little point of a diligence requirement in cases where petitioners argue that they are actually innocent of a sentence based on prior vacated convictions if the mere allegation of actual innocence removed all time limitations. If such were the case, diligence would cease to be a requirement at all.